**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EMILIA ULUMMA DIALA,
Petitioner,

v.

U.S. IMMIGRATION &
NATURALIZATION SERVICE,
Respondent.

No. 98-1343

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A71-799-730)

Submitted: September 15, 1998

Decided: October 13, 1998

Before WIDENER, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Richard M. Evans, Assistant
Director, Holly A. Gimbel, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Emilia Ulumma Diala appeals from the Board of Immigration Appeals' (Board's) denial of her motion to reopen deportation proceedings. Finding no abuse of discretion, we affirm.

Diala, a native and citizen of Nigeria, was charged with deportability under 8 U.S.C.A. § 1227(a)(1)(B) (West 1994 & Supp. 1998), for remaining in the United States beyond the period authorized by her nonimmigrant visa. Diala conceded deportability, but sought asylum, withholding of deportation, and voluntary departure. In support of her application, she testified that she was a leader of a student group of the Social Democratic Party (SDP). Additionally, she testified that her father, who was also active in the SDP, and who held a position in the prior government, was arrested in 1990 by the incoming military government. Following his arrest, Diala's family dispersed and she left for the United States. As of the date of her application, Diala did not know the whereabouts of her father or the rest of her family.

Finding that Diala failed to demonstrate a well-founded fear of persecution, the Immigration Judge (IJ) denied her application for asylum and withholding of deportation, but granted her application for voluntary departure. Diala filed a timely appeal of the IJ's decision, which was affirmed by the Board. Diala did not appeal this decision, but rather filed a "Motion to Reopen Deportation Proceedings and for Stay of Deportation."

In support of this motion, Diala provided an affidavit from a Nigerian citizen, now a permanent resident of the United States. According to this affidavit, the affiant knew Diala and believed that due to the current political conditions in Nigeria, Diala would be in danger should she return. The affiant also stated that Nigeria was rife with

2

riots and demonstrations, and that hundreds of demonstrators, especially those who spoke against the government, have been killed. Despite these assertions, the Board denied Diala's motion, stating only that she failed to meet the requirements set forth in 8 C.F.R. § 3.2(c) (1998). Diala filed a timely petition for review in this Court.

We review the Board's denial of a motion to reopen for an abuse of discretion and must affirm that denial unless it: (1) was made without rational explanation; (2) inexplicably departed from established procedures; or (3) rested upon an impermissible basis such as invidious discrimination against a particular group. See INS v. Doherty, 502 U.S. 314, 323 (1992) (noting abuse of discretion standard); see also M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990). Diala contends that the Board failed to provide a rational explanation for its denial and asserts that she satisfied the relevant regulatory requirements necessary to grant her motion to reopen. We disagree.

The Board clearly provided a rational explanation for its denial of Diala's motion--she failed to meet the regulatory criteria of § 3.2(c). Diala appears to argue that this statement does not provide a specific explanation. We find this argument without merit. Satisfaction of § 3.2(c) does not end the inquiry for determination of the grant of a motion to reopen, but rather advances the appellant past the threshold requirement. The Board must still, in its discretion, determine that the grant of the motion is warranted. We thus find Diala's inability to satisfy § 3.2(c)'s initial requirements a sufficient and rational explanation for the Board's denial of her motion. Further, reference to the administrative record supports the Board's determination that Diala's motion does, in fact, fail to meet § 3.2(c)'s requirements. Accordingly, we affirm the Board's denial of Diala's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3